IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

PRESTON J. BLAKE,

        Petitioner,

vs.                                            CIV 13-0454 LH/KBM

JAMES JANECKA, Warden, and
GARY K. KING, New Mexico
Attorney General,

        Respondents.

## ORDER ADOPTING THE CHIEF MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court on Petitioner Preston Blake's Objections to the Chief Magistrate Judge's Report and Recommendation (*Doc. 24*) (hereinafter "R&R") filed March 18, 2014, his Motion to Extend Time to File Objections (*Doc. 26*), and his Motion to Appoint Counsel (*Doc. 25*) filed March 11, 2014.

1. <u>Motions for an Extension of Time and to Appoint Counsel</u>

Petitioner sought an extension of time to submit his objections arguing that he has not had access to a law library and was in "lock down" for an undeterminable period of time and, therefore, unable to prepare his objections (*Doc. 26*). While the Motion for an Extension of Time was pending, Blake submitted a 47-page objection to the Chief Magistrate Judge's Report and Recommendation, which included numerous citations to case law throughout (*Doc. 28*).[1]

---

[1] Objections were due on 3/17/14, and Blake's objections were entered on the docket on 3/18/14.  Since Blake's motion for an extension of time was not opposed by Respondents (*Doc. 27*), and Blake clearly sent his objections prior to 3/18/14, the Court will deem the objections timely filed.

Given Blake's demonstrated ability to file such voluminous and detailed objections, the Court finds that his Motion for an Extension of Time and Motion to Appoint Counsel should be denied.

2.   Standard of Review

When a party files timely written objections to the magistrate judge's recommendation, the district court will conduct a *de novo* review and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C.A. § 636(C). *De novo* review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation.  *In re Griego*, 64 F.3d 580, 583-84 (10th Cir. 1995).  "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  *United States v. One Parcel of Real Prop., With Buildings, Appurtenances, Improvements, & Contents, Known as: 2121 E. 30th St., Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Following a *de novo* review of the evidence in the record, the Court finds that Blake's objections are without merit and will adopt the R & R.

3.   Discussion

Blake's submission is primarily a regurgitation of conclusory statements and unsupported arguments made in his habeas petition.  The Court will only address specific objections to the R & R to the extent they can be identified.

A.   Alleged Misstatements of the Record

Blake complains that the R & R misstates that the trial court determined that trial counsel had no conflicts.  *Doc. 28* at 4, 27.  Blake further contends that it is "not true" that counsel interviewed one of the co-defendants and provided Blake with that information.  *Id*. at 27.  These statements were factual findings by the state court, however.  As the R & R points out, absent

clear and convincing evidence to the contrary, this Court defers to the state court's factual findings.  *Doc. 24* at 18; see also *Black v. Workman*, 682 F.3d 880, 896 (10th Cir. 2012) (quoting *Rice v. Collins*, 546 U.S. 333, 228-9 (2006)) ("State-court factual findings, moreover, are presumed correct; the petitioner has the burden of rebutting the presumption by 'clear and convincing evidence.' § 2254(e)(1).").

On direct appeal of his conviction, the New Mexico Court of Appeals found that the "[trial] court also determined that Defendant's counsel had not worked for the district attorney's office for a long time and that nothing indicated that her representation of him caused a conflict." *Doc. 12-4* at 4.  The state court also found that counsel had provided Blake with information of one co-defendant's interview and that she did not interview the other co-defendant because he maintained he was not at the scene of the crime.  *Doc. 12-4* at 5.  Blake has not produced clear and convincing evidence to the contrary; he only offers the conclusory declaration that the court found a conflict and counsel admitted to not interviewing co-defendants.  *Doc. 28* at 4. Accordingly, the Chief Magistrate Judge did not misstate the record or err in deferring to the state court's factual finding in this regard.

B.  <u>New Claims Brought in the Objections</u>

Blake brings several new claims in his objections that were not before the Chief Magistrate Judge, including assertions that:

1)  his sentence constitutes double jeopardy (*Doc. 28* at 4, 22);

2)  the government failed to disclose evidence favorable to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963) (but evidence is not described) (*Id*. at 8, 13);

3)  appointing counsel as "standby counsel" was meaningless because she failed to provide any assistance (*Id.* at 31);

4)  publicity prejudiced the jury (*Id.* at 34);

    5)  the officers compelled his confession (*Id*. at 19); and

    6)  his sentence was illegal because the judge skipped the 1 and 4-year enhancements and imposed an 8-year enhancement (*Id*. at 28).

Because these theories are raised for the first time in Blake's objections to the R & R, Blake has waived these arguments.  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."); *United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) ("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived.") (citing *Marshall, supra*).

    C.  <u>All of Blake's Claims Were Addressed in the R & R</u>

    Contrary to Blake's objection, the R & R addressed Grounds 3, 5, 6, 7, 8, 11, 12, 13, 16, 17, and 18 (*Doc. 28* at 7, 10, 17).  The R & R specifically addressed the following claims:

    G. 3 - ineffective assistance (*Doc. 24*, at 23–26);

    G. 5 - insufficient evidence (*Id.* at 29-30);

    G. 6 - cumulative error (*Id.* at 30);

    G. 7 - attorney's failure to investigate and disclose alibi witness (*Id.* at 24);

    G. 12 - prosecution knowingly lying to the jury (*Id*. at 26-27);

    G. 13 - prosecutor bribing, threatening and giving lenient sentence to Stewart for testimony (*Id*. at 27); and

    G. 18 – allowing the jury to see him in leg restraints and handcuffs (*Id*. at 21).

    The remaining claims were addressed in conjunction with other topics within the R & R. For example, in Ground 8, Plaintiff alleged that it was error for the trial court to not allow him to question jurors.  Plaintiff was represented by counsel during *voir dire* and, therefore, questioned

the jurors through his attorney.  Plaintiff does not challenge the finding in the R & R that his attorney was effective during *voir dire*.  *Doc 24* at 25.

In Ground 11, Blake alleged that his counsel was ineffective for not allowing Blake to take a polygraph.  *Doc. 1* at 18.  The R & R states that even if Blake's counsel performed the actions he believes she should have, Blake failed to establish "that there is a reasonable probability that the outcome of the trial would have been different."  *Doc. 24* at 26.  There is no evidence in the record that a polygraph would have changed the outcome of this case, particularly because Blake's testimony was contrary to the statement submitted by his alibi witness, as discussed below.  *Cf Doc. 12-5* at 30 and *Doc. 12-3* at 24 (citing the trial recording, 15/14/09 at 1:30:00).  Further, this Court agrees that "Blake has not established that it was his counsel's pre-trial efforts, as opposed to his own self-representation or the evidence against him, which resulted in the unfavorable outcome."  *Id*.

In Ground 16, Plaintiff alleges he is factually innocent and argues that his alibi witness' statement is new evidence that would rebut the jury's conviction.  *Doc. 28* at 35.  Again, in analyzing the state court's decision, this Court may only review the record that was before the state court and all factual findings are presumed correct unless rebutted by "clear and convincing evidence."  *Id*.  (quoting 28 U.S.C. § 2254(e)(1)).  The R & R explains that "the proffered testimony of the alibi witness directly contradicts Blake's own testimony that he [was] at this home the night of the burglary."  *Doc. 24* at 24.  As the state court found, Blake's attorney made a valid, tactical decision to not use the alibi witness.  *Id*.  Blake has not presented clear and convincing evidence that rebuts these factual findings or the jury's guilty verdict.

Regardless,

> claims of actual innocence based on newly-discovered evidence have never
> been held to state a ground for federal habeas relief absent an independent

> constitutional violation occurring in the underlying state criminal proceeding. . . . This rule is grounded in the principle that federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution - not to correct errors of fact.

*Herrera v. Collins*, 506 U.S. 390, 400 (1993). *Id.* Since Blake does not establish an independent constitutional violation (for example, that his counsel was ineffective by not using his alibi witness), his claims of actual innocence are not cognizable in this habeas petition.

In Ground 17, Blake alleged that it was error to deny him counsel at sentencing. *Doc. 1* at 22. The Chief Magistrate Judge determined that Blake voluntarily and knowingly waived his right to counsel and that there was no need to reinstate counsel following that waiver. *Doc. 24* at 15 - 21. Accordingly, the Court adequately covered this issue.

Further, "[o]nce a defendant exercises his constitutional right to defend himself and proceed *pro se*, he does not have the absolute right to thereafter withdraw his request for self-representation and receive substitute counsel." *United States v. Merchant*, 992 F.2d 1091, 1095 (10th Cir. 1993). Similarly, "a valid waiver remains in effect at subsequent proceedings in the absence of an explicit revocation by the defendant or a change of circumstances that would suggest that the district court should make a renewed inquiry of the defendant." *United States v. McBride*, 362 F.3d 360, 367 (6th Cir. 2004) (citing *United States v. Unger*, 915 F.2d 759, 762 (1st Cir.1990) (holding that the district court was free to find that the defendant's earlier waiver was still in force at the sentencing hearing in the absence of intervening events); *United States v. Fazzini*, 871 F.2d 635, 643 (7th Cir.1989) ("Once the defendant has knowingly and intelligently waived his right to counsel, only a substantial change in circumstances will require the district court to inquire whether the defendant wishes to revoke his earlier waiver."); *Arnold v. United States*, 414 F.2d 1056, 1059 (9th Cir.1969) (holding that, after a competent waiver of the right to

counsel, a new waiver need not be obtained at every subsequent court appearance of the defendant); and *Davis v. United States*, 226 F.2d 834, 840 (8th Cir.1955) (same)).

Blake did not have an absolute right to reinstatement of counsel, and he does not contend that there was any substantial change in the circumstances that warranted further inquiry into whether he wished to continue proceeding *pro se*.  Consequently, Ground 17 does not provide a basis for habeas relief.

### D.  Discovery Issue

Blake objects to the R & R with regard to Ground 15 and argues that the disclosure of discovery is not a state court issue because he was allegedly denied discovery in violation of his Fifth and Fourteenth Amendment rights.  *Doc. 28* at 13.  .  Blake insists that he has been denied "full discovery" in violation of his rights under *Brady v. Maryland*, 373 U.S. 83 (1963).[2]  This argument is without merit.

*Brady* requires disclosure of evidence that is ***both*** favorable to the accused, and "material either to guilt or to punishment." *Brady*, 373 U.S. at 87.  "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different."  *United States v. Bagley*, 473 U.S. at 682, 105 S. Ct. 3375; *United States v. Allen*, 603 F.3d 1202, 1215 (10th Cir.), *cert. denied* ___ U.S. ___, 131 S. Ct. 680 (2010)).  "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Bagley*, 473 U.S. at 682 (internal quotation marks omitted).

"The mere possibility that evidence is exculpatory does not satisfy the constitutional materiality standard." *United States v. Fleming*, 19 F.3d 1325, 1331 (10th Cir.1994).  Moreover, "[t]o be material under *Brady,* undisclosed information or evidence acquired through that

---

[2] As discussed above, this is a new theory that was not before the magistrate judge and is, therefore, waived.  Nonetheless, construing Blake's pleadings liberally, the Court will entertain this theory as Blake did bring a claim that the trial court denied him full discovery in his habeas petition. *Doc. 1* at 20.

information must be admissible," *Banks v. Reynolds,* 54 F.3d 1508, 1521 n. 34 (10th Cir.1995). Evidence that does not significantly impact the degree of impeachment or is duplicative is not material. *Douglas v. Workman*, 560 F.3d 1156, 1174 (10th Cir. 2009).

Blake argues that the State failed to disclose "co-defendants prior statements," which he maintains would prove that the co-defendant lied in the past. *Doc. 28* at 8. Yet Blake's co-defendant, Stewart, acknowledged in his testimony at Blake's trial that he initially lied to police in an effort to avoid implicating himself in the burglary. *Doc. 24* at 8. Therefore, that impeachment evidence of prior inconsistent statements was presented to the jury. Blake does not point to any other prior inconsistent statements that were withheld by the State that would arguably have changed the outcome of his case. Because Blake fails to identify any favorable, material evidence that the State withheld, he cannot establish that he was denied discovery in violation of his constitutional rights.

4. Conclusion

Upon *de novo* review and a thorough examination of the record, Blake's Objections do not establish that the Chief Magistrate Judge erred in any of her findings of fact or conclusions of law. Accordingly, this Court will adopt the Chief Magistrate Judge's Proposed Findings and Recommended Disposition (*Doc. 24*).

Wherefore,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Extend Time (*Doc. 26*) and Motion to Appoint Counsel (*Doc. 25)* are denied.

**IT IS FURTHER ORDERED** that Petitioner Preston Blake's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (*Doc. 1*) is hereby denied and this case is dismissed.

**IT IS ALSO ORDERED** that a final judgment pursuant to Rule 58 of the Federal Rules

of Civil Procedure and an order denying a Certificate of Appealability be entered forthwith.

_____

SENIOR UNITED STATES DISTRICT JUDGE